Charles W. REYNOLDS, and Barbara Reynolds, Plaintiffs;

v.

ZAPATA OFF–SHORE COMPANY, City of Galveston, and Port of Galveston, Defendants.

Civ. A. No. G–92–287.

United States District Court,
S.D. Texas,
Galveston Division.

Aug. 18, 1992.

---

Don Allen Weitinger, Carrie Weitinger, Weitinger & Weitinger, Houston, Tex., The Souhlas Law Firm, Covington, La., for Charles W. Reynolds and Barbara Reynolds.

Chris A. Lorenzen, Crain, Caton & James, Houston, Tex., for Zapata Off–Shore Co.

Douglas W. Poole, McLeod Alexander Powel & Apffel, Galveston, Tex., for City of Galveston and Port of Galveston.

## ORDER

KENT, District Judge.

Before the Court is Defendant Zapata Off–Shore Company's ("Zapata") Motion

for Partial Summary Judgment. For the reasons stated below, the Court is of the opinion that the motion should be GRANTED.

## I.

Plaintiffs initiated this action in this Court on June 17, 1992. Plaintiff Charles W. Reynolds seeks damages for injuries he allegedly sustained while working as a Jones Act Seaman. Plaintiff Barbara Reynolds (hereinafter "Mrs. Reynolds") seeks damages for the loss of consortium of her husband, Charles W. Reynolds.[1] Zapata now moves for summary judgment as to Mrs. Reynolds on the ground that, as a matter of law, she is not entitled to recover on any of the claims she has alleged.

## II.

Plaintiffs apparently do not dispute Zapata's contention that loss-of-consortium damages are not recoverable under the Jones Act.[2] Rather, they argue that such damages are recoverable in unseaworthiness actions under the general maritime law. In *Miles v. Apex Marine, Corp.*, 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990), the Supreme Court held, *inter alia*, that nonpecuniary damages, such as damages for loss of society, are not recoverable under the general maritime law in wrongful death actions. The Fifth Circuit recently held that *Apex Marine* is applicable to personal injury actions as well. *Michel v. Total Transp., Inc.*, 957 F.2d 186, 191 (5th Cir.1992). In so holding, the court opined that *Miles* superseded prior Fifth Circuit

decisions permitting the recovery of nonpecuniary damages under the general maritime law. *See Cruz v. Hendy Intern. Co.*, 638 F.2d 719 (5th Cir.1981). In *Cruz*, however, the court also noted that, unlike loss-of-society damages, loss-of-consortium damages include both pecuniary and nonpecuniary elements. *Id.* at 722 & nn.1–2. Thus it would appear that, even given that *Cruz*'s main holding did not survive *Miles*, the wife of an injured seaman should still be able to assert a loss-of-consortium claim to recover pecuniary damages in an unseaworthiness action under the general maritime law. Such a holding would not be at odds with *Miles*'s goal of promoting uniformity. Nothing in *Miles* indicates that pecuniary damages are not recoverable in a wrongful-death action for loss of consortium. A rule that such damages are recoverable in both wrongful-death and personal-injury actions promotes uniformity and is consistent with the Supreme Court's holding in *Miles*, *viz.* nonpecuniary damages are not recoverable under the general maritime law.

In *Michel*, however, the court, with no discussion of the distinction between loss-of-society and loss-of-consortium damages,[3] simply stated that "damages recoverable in general maritime causes of action for personal injury of a Jones Act seaman do not include loss of consortium." *Michel*, 957 F.2d at 191. While this Court believes that, under *Miles*, pecuniary damages for loss of consortium should be recoverable, the language in *Michel* is clear and unambiguous.[4]

---

**1.** Mrs. Reynolds also asserts a claim for loss of services. Traditionally, however, loss of services is one element of a claim for loss of consortium. *See generally* Annotation, *Measure and Elements of Damages in Wife's Action for Loss of Consortium*, 74 A.L.R.3d 805 (1976).

**2.** *But see supra* note 4.

**3.** None of the district court cases cited by the *Michel* court discuss this distinction either.

**4.** Similarly, Mr. Reynolds's negligence claim against his employer, Zapata, can only arise under the Jones Act. In *Cruz*, the Fifth Circuit held that "the spouse of an injured seaman cannot recover under the statute for emotional

loss and the other intangible items of damages embraced in the concept of consortium." *Cruz*, 638 F.2d at 723. As noted above, however, the *Cruz* panel was very careful to distinguish between the pecuniary and nonpecuniary elements of a loss-of-consortium claim, as opposed to a loss-of-society claim which is entirely nonpecuniary. Nevertheless, the panel in *Simeon v. T. Smith & Son, Inc.*, 852 F.2d 1421, 1433 (5th Cir.1988), *cert. denied*, 490 U.S. 1106, 109 S.Ct. 3156, 104 L.Ed.2d 1019 (1989), distilled the holding in *Cruz* into the simple proposition that "a Jones Act employer is not liable for loss of consortium damages to the spouse of [an] employee seaman." *Id.* at 1433. Although this would seem to overrule, *sub silentio*, that portion of *Cruz* which distinguishes pecuniary from

Therefore, it is hereby ORDERED, ADJUDGED, and DECREED that Defendants' Motion for Partial Summary Judgment is GRANTED. The parties are encouraged, however, to submit the issues discussed in this Order for appellate scrutiny.

IT IS SO ORDERED.

nonpecuniary losses, a practice which is not allowed in the Fifth Circuit, *see Pruitt v. Levi Strauss & Co.*, 932 F.2d 458, 465 (5th Cir.1991) (absent superseding decision of Supreme Court or en banc court, one panel cannot overrule a decision of another panel), this Court has no authority to make such a judgment. Under

*Cruz*, in this Court's respectful view, to the extent that a loss-of-consortium claim includes pecuniary elements, recovery by the wife of an injured seaman should not be barred under the Jones Act. Nevertheless, the language of *Simeon* is clear and unambiguous, and this Court feels bound to follow its mandate.